UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No.  4:04CV250 RWS |
| ) | (TIA) |
| LARRY ROWLEY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Richard Thomas for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The cause was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner, Richard Thomas, is presently incarcerated at the Missouri Eastern Correctional Center located in Pacific, Missouri, pursuant to the sentence and judgment of the Circuit Court of Jefferson County, Missouri. On February 4, 2000, after a trial by jury, Petitioner was convicted of assault in the first degree, armed criminal action, and unlawful use of a weapon. The court sentenced him to a term of ten years imprisonment for assault, a concurrent term of three years imprisonment for armed criminal action, and a fine of $250.00 for unlawful use of a weapon.

Petitioner filed a direct appeal, and on November 14, 2000, the Missouri Court of Appeals affirmed the judgment. (Resp. Exh. A) On March 6, 2001, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. B) The motion court denied Petitioner's request for post-conviction relief after an evidentiary hearing. (Resp. Exh. C) Thereafter, Petitioner appealed, and on December 10, 2002, the Missouri Court of

Appeals affirmed the lower court's denial of Petitioner's Rule 29.15 motion. (Resp. Exh. C) His motion for rehearing and/or transfer to the Missouri Supreme Court was denied on January 27, 2003, and the application for transfer was denied on March 4, 2003. Thomas v. State, 97 S.W.3d 111 (Mo. App. 2002). On March 1, 2004,[1] Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court. Respondent filed his Response to Order to Show Cause on May 20, 2004, and Petitioner subsequently filed a Traverse on June 9, 2004.

Respondent contends that the petition should be dismissed because Petitioner failed to file it within one year of the conviction becoming final under 28 U.S.C. § 2244(d)(1)(A). Respondent asserts that the Missouri Court of Appeals affirmed the Circuit Court's denial of Petitioner's Rule 29.15 motion on December 10, 2002 and that Petitioner had one year from that date to file a petition for a writ of habeas corpus. According to Respondent, Petitioner signed the present petition on February 26, 2004, well after the one year limitation period. Petitioner asserts, however, that his conviction was not final until the Missouri Supreme Court denied his application for transfer on March 4, 2003. Thus, Petitioner argues that his February 26, 2004 petition was timely.

The undersigned agrees with Petitioner that his petition was timely filed and that Respondent must address the merits of Petitioner's claims. Under 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final to submit an application for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. Where a petitioner does not seek certiorari in the United States Supreme Court, the state judgment is final upon "'the conclusion of all direct criminal appeals in the state system followed by the expiration of time allotted for filing a petition [for writ of certiorari].'" Williams v. Bruton, 299

---

[1] Petitioner signed his Petition on February 26, 2004.

2

F.3d 981, 982 (8th Cir. 2002) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). "The statute of limitations is tolled, however, while 'a properly filed application for State post-conviction … review … is pending.'" Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(A)).

In the instant case, the Missouri Court of Appeals issued the mandate on December 7, 2000. Petitioner had ninety days thereafter in which to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause, thus direct review concluded on March 7, 2001. Petitioner properly filed his post-conviction motion on March 6, 2001, thereby tolling the limitations period. As previously stated, the motion court denied post-conviction relief; the Missouri Court of Appeals affirmed; the Missouri Supreme Court denied Petitioner's motion for rehearing and/or transfer; and the Missouri Supreme Court denied the application for transfer on March 4, 2003. Thomas v. State, 97 S.W.3d 111 (Mo. App. 2002). In this district, courts hold that "[a]ll appellate review of the [post-conviction] motion ended … when the Missouri Supreme Court denied petitioner's Application for Transfer, thereby ending the tolling of the one-year limitations period." Burton v. Sachse, 2005 WL 2993864 at *3 (E.D. Mo. Nov. 8, 2005) (citations omitted); see also Gardner v. Rowley, 2006 WL 852375 at *10 (E.D. Mo. March 30, 2006) ("*if* a petitioner files a motion to transfer with the Missouri Supreme Court , the decision of the Missouri Court of Appeals is not final until such time as that motion is resolved."). Therefore, the statute was tolled while Petitioner's application for transfer was pending, and he timely filed the present habeas petition. Gardner, 2006 WL 852375 at *11. Because Respondent declined to address the merits in the Response to Order to Show Cause and failed to respond to the argument contained in Petitioner's Traverse, the undersigned will direct the Respondent to submit an additional response along with all

3

necessary exhibits.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Show Cause why a Writ of Habeas Corpus should not be granted within twenty (20) days of the date of this Order. No extensions of time will be allowed.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of February, 2007.