UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV250 RWS |
| ) | (TIA) |
| LARRY ROWLEY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Richard Thomas for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The cause was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner, Richard Thomas, is presently incarcerated at the Missouri Eastern Correctional Center located in Pacific, Missouri, pursuant to the sentence and judgment of the Circuit Court of Jefferson County, Missouri. On February 4, 2000, after a trial by jury, Petitioner was convicted of assault in the first degree, armed criminal action, and unlawful use of a weapon. The court sentenced him to a term of ten years imprisonment for assault, a concurrent term of three years imprisonment for armed criminal action, and a fine of $250.00 for unlawful use of a weapon.

Petitioner filed a direct appeal, and on November 14, 2000, the Missouri Court of Appeals affirmed the judgment. (Resp. Exh. E) On June 5, 2001, Petitioner filed an Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence and Request for Evidentiary Hearing under Missouri Supreme Court Rule 29.15. (Resp. Exh. F, pp. 15-64) The motion court denied Petitioner's request for post-conviction relief after an evidentiary hearing. (Resp. Exh. F, pp. 65, 98-

102) Petitioner appealed this determination, and on December 10, 2002, the Missouri Court of Appeals affirmed the lower court's denial of Petitioner's Rule 29.15 motion. (Resp. Exh. J) On March 1, 2004,[1] Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court. Respondent filed his first Response to Order to Show Cause on May 20, 2004, and Petitioner subsequently filed a Traverse on June 9, 2004. Pursuant to this Court's Order of February 1, 2007, Respondent filed an additional Response addressing the merits on February 20, 2007.

## Exhaustion Analysis

Before the undersigned may consider the merits of the petition for a writ of habeas corpus, the petitioner must demonstrate that he has exhausted his state court remedies. 28 U.S.C. § 2254(b). While Respondent does not conduct an exhaustion analysis in either response, the undersigned finds that Petitioner has exhausted all of his state court remedies by either fairly presenting his claims to the Missouri state courts or by procedurally defaulting on the state remedies available to him.

## Petitioner's Claims

In his petition, Petitioner raises two grounds for habeas relief:

(1) The trial court erred in failing to grant a mistrial or instruct the jury to disregard questioning by the prosecuting attorney regarding the criminal history of the victim upon cross-examination of a witness; and

(2) Petitioner received ineffective assistance of counsel in that trial counsel failed to object to instruction 7 regarding self-defense.

## Discussion

## Claim One

---

[1] Petitioner signed his Petition on February 26, 2004.

Petitioner first claims that the trial court erred in failing to grant a mistrial or instruct the jury to disregard questioning by the prosecuting attorney regarding the criminal history of the victim upon cross-examination of defense witness Seabaugh. Respondent contends that Petitioner's first ground for habeas relief should be dismissed because the claim is not cognizable and the Missouri Court of Appeals' determination that the claim lacked merit was not unreasonable. Petitioner claims that the failure of the trial court to grant a mistrial or instruct the jury to disregard the prosecutor's comments, along with prosecutorial misconduct,[2] violated his right to due process.

The undersigned finds that Petitioner's first claim is without merit. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

---

[2] To the extent that Petitioner claims prosecutorial misconduct, this claim is procedurally barred, as he failed to raise it on direct appeal. (Resp. Exh. C). In his direct appeal, Petitioner raised only trial court error for failure to grant a mistrial or instruct the jury to disregard the prosecuting attorney's statement. (Id. at 4) Failure to present claims to the Missouri Court of Appeals during a petitioner's direct appeal or in a post-conviction proceeding constitutes procedural default. Evans v. Leubbers, 371 F.3d 438, 445 (8th Cir. 2004). Further, Petitioner has not demonstrated cause and prejudice for the default or a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). Therefore, this Court lacks the authority to reach the merits of this claim. Id.

3

Further, "[t]he admissibility of evidence in a state trial is a matter of state law, and thus [the court] will grant habeas relief only if the state court's evidentiary ruling 'infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'" Palmer v. Clarke. 408 F.3d 423, 436 (8th Cir. 2005) (quoting Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994)); see also Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (in habeas cases, rules of evidence are matters of state law and are cognizable only where the trial errors encroach upon a specific constitutional protection or are so prejudicial that the petitioner is denied due process). Petitioner "'must show that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair.'" Garcia v. Mathes, 474 F.3d 1014, 1017 (8th Cir. 2007) (quoting Rousan v. Roper, 436 F.3d 951, 958-959 (8th Cir. 2006)).

The question and answer to which Petitioner objects consists of the following exchange:

> Q   You testified that you knew that John Lewis was always in trouble? Is that what you testified to?
> A   Yes.  Yes.
> Q   Are you aware that he has no criminal history?
> A   That's hard to believe.
> . . .
> Q   You testified that you saw the police out at the rental home two or three cars at a time, correct?
> A   Correct.
> Q   You have no idea what they were doing down there, do you?
> A   Well, --
> Q   Do you have any first-hand knowledge as to what was going on when the police cars were down there?  Yes or no?
> A   Just that I know he was always in trouble.
> Q   Always in trouble, but he has no criminal history.
> MS. BRADY: Your Honor, I'm going to have to object to that. There's been no proof that he doesn't have an arrest record. Criminal history doesn't necessarily just mean being –
> THE COURT: Rephrase, please.
> Q   (By Mr. Wegge) You have no direct knowledge as to why they were there?

4

A    That he has been in trouble and he has been arrested.

(Resp. Exh. A, pp. 379-380) The witness continued to testify about the frequency of police visits to the victims home, as well as other incidents of threats made by the victim toward the witness, Mr. Seabaugh. (Resp. Exh. A, pp. 380-384)

The Missouri Court of Appeals found that Petitioner failed to raise the issue in his amended motion for a new trial and thus failed to preserve the issue for appellate review. (Resp. Exh. E, p. 2) Therefore, the Missouri Court of Appeals reviewed the issue under plain error. (Id.) In its Memorandum, the court specifically found:

> . . . It is evident from the transcript that Defendant received all of the relief requested, *i.e.*, his objection was noted and the court instructed the State to rephrase the question. Defendant did not make a motion for mistrial or ask the court to instruct the jury to disregard the statement. Where the trial court grants the defendant all the relief that he seeks, he cannot claim error on appeal. See State v. Mitchell, 751 S.W.2d 65, 67 (Mo. App. 1988). The adequacy of the corrective action taken by the trial court is assumed. Id.
> Moreover, the State's single comment did not amount to such prejudicial error that the trial court was required to *sua sponte* declare a mistrial. The drastic remedy of declaring a mistrial should be granted only in those circumstances where the incident is so grievous that the prejudicial effect can be removed no other way. State v. Carter, 847 S.W.2d 941, 946 (Mo. App. 1993). The trial court's decision not to declare a mistrial is reviewed only for an abuse of discretion. Id.
> The trial court did not abuse its discretion in failing to declare a mistrial in the present case, especially when no such relief was requested. Further, even if Defendant had requested a mistrial, this drastic remedy would not have been warranted. Any prejudicial effect resulting from the State's single comment was adequately cured by the court's instruction to rephrase and, in light of the entire record, was not so prejudicial as to warrant a mistrial. Similarly, the trial court did not abuse its considerable discretion in failing to *sua sponte* admonish the jury to disregard the statement because appropriate relief had already been granted. Point denied.

(Resp. Exh. E, pp. 2-3)

The undersigned finds that admission of the aforementioned testimony was a matter of state law and did not result in any constitutional violation. The appellate court determined that any prejudicial effect was cured by the court's instruction to rephrase and, in light of the record, was not so prejudicial to warrant a mistrial. Indeed, other than Petitioner's bald assertions of prejudice, he has failed to demonstrate that "the evidence was in fact inadmissible on a specific constitutional ground" or that the evidence was "so prejudicial as to amount to a denial of due process." Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006). Evidence that the victim was "[a]lways in trouble, but he ha[d] no criminal history" did not render the entire trial fundamentally unfair. The record demonstrates that witnesses testified that Petitioner had a gun, shot the victim, and stated "[g]et him out of here before I shoot him again." (Resp. Exh. A, pp. 208-211; 237-239) Indeed, the victim himself testified that Petitioner stood with his arm extended, and, although the victim could not clearly see a gun, he heard a shot and saw the flash from Petitioner's hand, after which the victim realized he was shot. (Resp. Exh. A, p. 322) In light of the evidence against Petitioner, the state court's admission of this testimony did not infringe on any of Petitioner's constitutional rights, and Petitioner's claim is not cognizable in this court. Further, the undersigned finds that the trial court's admission of this testimony and the court of appeals' affirmation of the judgment was not contrary to nor an unreasonable application of Supreme Court precedent. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). As a result, Petitioner's first claim for habeas relief should be denied.

### Claim Two

Petitioner next claims that he received ineffective assistance of counsel in that trial counsel failed to object to instruction 7 regarding self-defense. Respondent asserts that this claim is without

merit. As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id.

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (citation omitted). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Strickland, 466 U.S. at 694; Bucklew, 436 F.3d at 1018. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient or

that he was prejudiced during the trial. Strickland, 466 U.S. at 687. With regard to his claim that trial counsel failed to object to instruction No. 7, the trial court specifically found:

> The first allegation of movant is that counsel for movant failed to object to jury instruction No. 7. This allegation is refuted by the record and the testimony of Ms. Brady. Ms. Brady offered a defense version of the instruction but the Court rejected it. Ms. Brady further objected to jury instruction No. 7 which was offered by the State. The Court overruled Ms. Brady's objection and gave jury instruction No. 7 over the objection of the defense. Since Ms. Brady did object and even offered a defense version of the self-defense instruction, Ms. Brady did exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and therefore movant was not prejudiced.

(Resp. Exh. F, p. 98)

The record shows that, contrary to Petitioner's allegations, his trial counsel did object to this instruction. Specifically, she objected to the State's instruction and proposed a self-defense instruction that did not include "initial aggressor" language. (Resp. Exh. A, pp. 487-488; Exh. G, pp. 28-29) Further, while Petitioner claims that counsel was ineffective for failing to object on the grounds that the instruction should have included language that Petitioner could regain the right of self-defense by retreating, the record belies this claim. Counsel testified that she did not attempt to include language about Petitioner retreating because she "didn't believe that there was sufficient evidence that Mr. Thomas retreated." (Resp. Exh. G, p. 32)

This Court "does not 'second-guess' trial strategy or rely on the benefit of hindsight, . . . , and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective[.]" Williams v. United States, 452 F.3d. 1009, 1013 (8th Cir. 2006) (citations omitted). In his Rule 29.15 motion, Petitioner states that he attempted to run back into the bar. (Resp. Exh. F, pp. 29-31) Petitioner criticizes his attorney for failing to include language in the instruction

8

regarding his withdrawal from the encounter. (Resp. Exh. F, p. 29) However, the bar owner testified that the victim hit Petitioner's face and that she put her hands up to keep Petitioner from running into the building. (Resp. Exh. A, pp. 233-234, 257) Petitioner's counsel stated that the bar owner's testimony indicated that Petitioner' was falling toward the building and not trying to get into the building. (Resp. Exh. G, pp. 33-34) In addition, the record shows that Petitioner's son joined the altercation, at which time the Petitioner shot the victim. (Resp. Exh. A, pp. 207-208, 234-237) In light of the testimony adduced by eyewitnesses at trial indicating that Petitioner did not retreat and counsel's testimony that she did not believe that there was sufficient evidence of retreat, it was reasonable for Petitioner's attorney not to request such an instruction.

Even if counsel's performance was deficient, Petitioner has failed to demonstrate that the outcome of the trial would have been different if counsel had objected to Instruction No. 7 because it did not include language regarding retreat. As previously stated, there was insufficient evidence regarding Petitioner's alleged retreat. There is no indication that the jury would have found self-defense with the inclusion of such language. Indeed, the trial court did give a self-defense instruction, and the jury rejected it. (Resp. Exh. A, pp. 497-501) As such, there is no evidence that counsel's representation fell below the level of reasonableness or that but for counsel's errors, petitioner would have been acquitted. Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Thus, the state court's decision that counsel was not ineffective is not contrary to, nor an unreasonable application of, Strickland, and Petitioner's second claim should be denied.

9

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Richard Thomas for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of February, 2007.